JULIO, MARÍA, DIEGO, LUIS FELIPE, EMILIO, MERCEDES and MI-
GUEL ORTIZ-SANDOVAL, heirs and successors of JULIÁN OR-
TIZ-SAINZ, Plaintiffs and Appellants, *v.* MODESTO ORTIZ-
MARTÍNEZ and GERMÁN ORTIZ-PASTRANA, liquidators of J.
ORTIZ & CO., Defendants and Appellees.

No. 3592. Argued May 8, 1925.—Decided July 24, 1925.

APPEAL—DEMURRER—NOTICE.—A demurrer having been sustained in favor of a
co-defendant and overruled as against another who insisted that the com-
plaint did not state a cause of action and the court having subsequently
dismissed the complaint, failure to give notice of the appeal to the former
deprives the Supreme Court of jurisdiction of the appeal and it should be
dismissed.

Motion to dismiss the appeal. *Sustained.*

L. *Abella Blanco* for the appellants. *Francisco Soto Gras* and *Ig-
nacio Hernández* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

A motion to dismiss, heard jointly with the case on its
merits, must prevail. The complainant brought suit against
Modesto Martínez and Germán Ortiz Pastrana as liquida-
tors of the firm of J. Ortiz & Co. The complaint charged
that a dissolution of said firm took place on the 20th of
March, 1910, both defendants being members of said firm.
The complainants are the heirs of the principal member of
said firm, Julián Ortiz y Sainz. The complaint also set up
that the defendants in 1911, concealing the previous dissolu-
tion, induced the widow in her own name and in that of
her minor children to enter into a new dissolution and liq-
uidation. The theory was that from the previous dissolu-
tion and liquidation the complainants would have taken
more. The defendants demurred.

The District Court of San Juan overruled the demurrer
as against Modesto Ortiz Martínez and sustained it in favor
of Germán Ortiz Pastrana, in effect because the responsibil-
ity of the latter did not appear from the vague statements
of the complaint. The defendant Modesto Ortiz Martínez
then answered. The case was tried on January 11, 1925.
The defendant Modesto Ortiz Martínez, represented by a

new attorney, again insisted, as was his right, that the complaint did not state a cause of action. The court, very properly, if convinced that its previous decision was erroneous, took the view of the defendant. On the 13th of January, 1925, the court rendered judgment dismissing the complaint.

The motion to dismiss the appeal from the judgment is based on the fact that the said appeal was never noticed to the defendant Germán Ortiz. At the hearing the appellants did not seriously contend that Germán Ortiz was not an adverse party who would be affected by a reversal. Indeed the judgment of January 13th was as well appealable against Germán as it was against Modesto who alone was notified of the appeal. The judgment and not the demurrer acquitted Germán.

The appellants maintained that there was a complete abandonment of suit as against Germán and that even if there was not, they would disclaim in this court all intention of proceeding against him.

The possibility of a disclaimer in this court is not open to appellants. The court only acquires jurisdiction by compliance with the provisions of the Code of Civil Procedure and in jurisdictional matters like this we have no discretion. Section 296 of the Code of Civil Procedure, as interpreted by our jurisprudence as a condition precedent to jurisdiction, requires a notice to all adverse parties who would be affected by a reversal. 2 Cal. Jur. 119 *et seq.* As jurisdiction never attached, a disclaimer is unavailable.

So far as the proceedings in the lower court are concerned, the record does not disclose an abandonment. The record shows only a demurrer sustained as against Germán Ortiz and no disclaimer. If there had been such disclaimer, Germán Ortiz would have been able to obtain an unappealable judgment in his favor, probably with costs.

We are aware that this is one of the close cases where the invocation of the rule of law produces a seeming hardship. The written law, however, is plain and in the long

run produces justice and confines litigation. Where the law allows no distinction we can make none. Here even before appealing the appellants might have searched the record and disclaimed or severed the defendants. If they had notified Germán Ortiz of the appeal, they probably could have dismissed the appeal as to him.

A superficial examination of the opinion of the court below inclines us to think that its judgment was not erroneous, but for lack of due notice the appeal must be dismissed.